## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| IN THE MATTER OF THE ESTATE OF<br><br><br>ANTHONY MARIO MOCCI, aka<br>TONY MICHAEL MARK,<br><br>Deceased. | Superior Court Case No. <u>PR0129-16</u><br><br><br>**DECISION AND ORDER**<br>**Re**<br>**INVOLUNTARY PETITION FOR**<br>**LETTERS OF ADMINISTRATION** |

The Court here considers whether Attorney Gary Gumataotao, counsel for a purported creditor of the Estate of Anthony Mario Mocci, may serve as an administrator of the Estate. Attorney Gumataotao is, and has been for the duration of this matter, legal counsel for Qiurong Jie Davis, Mocci's former wife, who previously and unsuccessfully petitioned for letters testamentary. Having considered the parties' arguments, the applicable laws and Rules of Professional Conduct, the Court **DENIES** Attorney Gumataotao's Involuntary Petition for Letters of Administration due to a conflict of interest.

### I.    PROCEDURAL BACKGROUND

This case initiated upon a petition by Mrs. Davis for letters testamentary with will annexed. Pet'n Letters Testamentary with Will Annexed (Oct. 11, 2016). Attorney Gary Gumataotao represented Mrs. Davis. In this same case, Attorney Georgette Concepcion petitioned for letters of administration. Pet'n Letters Administration (Oct. 20, 2016). On the same day she filed her Petition, Attorney Concepcion also filed a Contest to Probate of Will and Objection to Appointment of Qiurong Jie-Davis on behalf of her client, Shannon Clay.


ORIGINAL

The Court held a trial on the will contest and found that the document proffered by Mrs. Davis did not qualify as a will under CNMI law and therefore, could not be accepted by a Guam court. Finds. Fact & Concls. Law at 8 (Oct. 24, 2017). During the will contest proceedings, Attorney Gumataotao continued to represent Mrs. Davis. As legal counsel to Mrs. Davis, Attorney Gumataotao litigated a motion to dismiss Ms. Clay's Objection, Ms. Davis' Motion for Summary Judgment and the trial on the will contest. Following the Court's Findings of Fact and Conclusions of Law, Mrs. Davis, still represented by Attorney Gumataotao, filed a claim against the Estate, valued at $1,800.00. Claim Against Est. (Nov. 20, 2017).[1]

Also following the Court's Findings of Fact and Conclusions of Law, on November 29, 2017, the Court addressed Attorney Concepcion's Petition for Letters of Administration. The Court expressed concern that Attorney Concepcion had a conflict in seeking to act as an administrator while also representing Ms. Clay. The Court continued the hearing to allow Attorney Concepcion to consider the conflict issue. On January 9, 2018, Attorney Concepcion withdrew her Petition.

Shortly thereafter, on January 16, 2018, Attorney Gumataotao filed an Involuntary Petition for Letters of Administration. The Involuntary Petition, verified by Attorney Gumataotao, represents that:

a. Attorney Gumataotao is "counsel of record for Creditor" Mrs. Davis.

b. Mrs. Davis reserves the right to appeal the validity of the Will.

c. Mrs. Davis qualifies as a creditor under Guam law. (No statement is made as to Darren Davis as a creditor.)

d. The character and value of the estate consist solely of a lawsuit as personal property.

e. Mrs. Davis is the sole beneficiary and Decedent Mocci's ex-wife.

---

[1] The Claim also lists Mrs. Davis' husband, Darren Davis, as a claimant.

ORIGINAL

      f.  Attorney Gumataotao, as legal counsel for a creditor, is entitled to involuntary Letters of Administration pursuant to 15 GCA §§ 1801 and 1805(a)(2).

## II.    LAW AND DISCUSSION

Under the Probate Code, an administrator must be a natural person over the age of majority, a resident of and physically present in Guam, not a felon, and not "incompetent to execute the duties of the trust by reason for drunkenness, improvidence, or want of understanding or integrity." 15 GCA §§ 1701, 1801(b). As defined in Black's Law Dictionary (10th ed. 2014), "improvidence" means "A lack of foresight and care in the management of property, esp. as grounds for removing an estate administrator." A creditor may act as an administrator. 15 GCA § 1805(a)(8). Also any competent person, including "an attorney at law who indicates his willingness for such appointment" may act as an administrator. 15 GCA § 1805(a)(9).

The Court finds that Attorney Gumataotao is a natural person, over the age of majority, a resident of and physically present in Guam, not a felon, and an attorney willing to take on the task. The Court also finds that there is no evidence of his disqualification by way of drunkenness or improvidence. In these regards, the Court has no concerns regarding Attorney Gumataotao's qualifications.

However, an administrator must have "integrity," which Black's Law Dictionary defines as: "1. Freedom from corruption or impurity; soundness; purity. 2. Moral soundness; the quality, state, or condition of being honest and upright." Based on the plain meaning of "integrity" and the Black's Law Dictionary's definition, the Court has serious concerns about the irreconcilable, dual fiduciary obligations should Attorney Gumataotao act as Administrator of the estate while simultaneously representing Mrs. Davis.



An administrator of an estate is a fiduciary, with responsibilities to heirs, beneficiaries, and creditors to protect their legal rights in the estate. *See Nathanson v. Super. Ct.*, 525 P.2d 687, 693 (Cal. 1974) (en banc). An administrator shall take into his possession of all the real and personal property, and collect a decedent's debts, rents and profits. 15 GCA § 2205. An administrator also has the heavy duty to determine whether to allow or reject any presented claims. 15 GCA § 2531.

While a creditor may qualify to administer an estate, 15 GCA § 1805(a)(8), the Court sees Attorney Gumataotao in a different light than a creditor. He is in fact not a creditor, but rather, a creditor's attorney. As an attorney, he has basic duties to his client: a duty of confidentiality (*see* GRPC 1.6), and a duty of loyalty by which an attorney must dedicate his entire energy to promoting the client's interest (*see Flatt v. Super. Ct.*, 885 P.2d 950, 958 (Cal. 1994) (en banc) (discussing duty of loyalty)). "The rule is designed not alone to prevent the dishonest practitioner from fraudulent conduct, but as well to preclude the honest practitioner from putting himself in a position where he may be required to choose between conflicting duties, or be led to attempt to reconcile conflicting interests, rather than to enforce to their full extent the rights of the interest which he should alone represent." *Flatt*, 885 P.2d at 958.

The Court finds that if allowed to act as an administrator while still acting as Mrs. Davis' attorney, Attorney Gumataotao has conflicting, irreconcilable responsibilities.[2] Attorney Gumataotao cannot protect the rights of *all* heirs, beneficiaries, and creditors while advocating for the rights of his client, Mrs. Davis, under his ethical obligation. Even if Mocci's estate has only one purported asset--the lawsuit--it is uncertain whether there are other claimants. Since no

---

[2] The Court expressed this same concern regarding conflicting duties when Attorney Concepcion, as counsel for Ms. Clay, put forth the same petition.

ORIGINAL

Notice to Creditors has ever been published, it remains uncertain whether other creditors exist, and how they stand in priority to Mrs. Davis.

Moreover, another responsibility of an administrator is to investigate the assets of the Estate. If Mocci in fact had assets which are not presently known, then Attorney Gumataotao must account for those assets in a way that is fair to Mocci's creditors.

Further problematic is that at the February 14, 2018 hearing, Attorney Gumataotao advised the Court that Mrs. Davis may appeal one of the Court's decisions. Attorney Gumataotao cannot continue to advocate as an attorney for his client on appeal, and also represent the Estate. His dual roles would violate multiple fiduciary duties.

In summary, the Court cannot condone or engender a conflict of interest. That conflict taints the soundness and quality, i.e., the integrity, with which he must perform his duties as an administrator.

## III.    CONCLUSION AND ORDER

The Court finds that a conflict exists between Attorney Gumataotao's proposed role as a fiduciary over Mocci's Estate and his continued fiduciary duties to his client, Mrs. Davis. Thus, Attorney Gumataotao's Involuntary Petition for Letters of Administration is hereby **DENIED**.

SO ORDERED this 27th day of March 2018.

**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:
GUMATAOTAO & POLE
ROBERTS FOWLER & VISOSKY
Date: 3-27-18   Time: 2:44 PM
A. Sifos
Deputy Clerk, Superior Court of Guam

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:
BROOKS CONCEPCION LAW, P.C.
Date: 3-27-18   Time: 2:44 AM
A. Sifos
Deputy Clerk, Superior Court of Guam

ORIGINAL